**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Theodis Williams,**

    **Plaintiff,**                                    **Civil Action No.: 12-CV-12557**

    vs.                                         **District Denise Page Hood**

                                                          **Magistrate Judge Mona K. Majzoub**

**Mortgage Investors Corporation,**
**Amerigroup Mort. Corporation,**
**Old Republic National Tital Insurance**
**Company, and Accurate Abstract**

    **Defendants.**
_____/

**OPINION AND ORDER GRANTING DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S MOTION FOR MORE DEFINITE STATEMENT [7]**

This matter comes before the Court on Defendant Old Republic National Title Insurance Company's Motion for More Definite Statement. (Docket no. 7.) Plaintiff has not filed a response. These motions were referred to the undersigned for decision. (Docket no. 10.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.**     **Background**

Plaintiff filed his Complaint entitled "Notice of Peonage and Involuntary Servitude of Theodis: Williams; a man" on May 9, 2012, in the Wayne County Circuit Court. (Docket no. 1-1 at 2.) On June 12, 2012, Defendant Mortgage Investors Corporation removed the case to this Court. (Docket no. 1.)

While it is difficult to decipher specifically the basis of Plaintiff's Complaint, it appears, as

1

Defendant puts it, "that Plaintiff's allegations relate to the real property located at 6160 Bishop Street, Detroit, Michigan" and the circumstances that lead to his mortgage loan default and foreclosure. (Docket no. 7 at 4-5.) Plaintiff's complaint, however, fails to make any allegations or claims against Defendant Old Republic, with the exception of including Old Republic in the Caption. (*See* docket no. 1-1.)

Defendant brings its Motion in an attempt "to understand the nature of Plaintiff's claims [and] properly respond [to the Complaint]." (Docket no. 7 at 4.) Defendant filed its Motion on June 19, 2012, and served Plaintiff via U.S. Mail at the only address Plaintiff has filed with this Court: 19394 Goulburn Street, Detroit, MI, 48305. (*Id.* at 8.) On June 27, 2012, the Court entered an Order in a separate motion and also served Plaintiff at his Goulburn Street address. (See Docket, Text-Only Certificate of Service re: [8], June 27, 2012.) On July 2, 2012, the Court's mailing was returned as undeliverable. (Docket no. 12.)[1]

## II.  Governing Law

The Federal Rules of Civil Procedure only require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

---

[1]Since that time, four more documents served by the Court on Plaintiff at his Goulburn Street address have been returned as undeliverable. (*See* docket nos. 13, 14, 23, and 25.) And on July 11, 2012, the Court issued a Notice Regarding Parties' Responsibility to Notify Court of Address Change. (Docket no. 15.) This Notice directed the parties to E.D. Mich LR 11.2 and informed them that a "failure to promptly notify the court of a change in address . . . may result in the dismissal of [their] case." *Id.*

On July 11, 2012, Defendant Mortgage Investor's Corp. sent several docket matters (including the Court's July 11, 2012 Notice) to Plaintiff at an alternate address: 638 Country Club Dr., St. Clair Shores, MI, 48082. (Docket no. 16.) The next day, Defendant Old Republic sent the Motion [7], Referral Order [10], and Notice of Determination Without Oral Argument [11] related to the instant Motion to Plaintiff at the Country Club Dr. address. (Docket no. 17.) Plaintiff has not updated his address with the Court Clerk's Office, and the Court is unaware if Plaintiff has received the mail sent to the Country Club Dr. address.

Nevertheless, a party may file a motion for a more definite statement if the complaint is still "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

Additionally, local rules require "every party not represented by an attorney [to] include his or her contact information consisting of his or her address . . . on the first paper that person files in a case." E.D. Mich LR 11.2. "If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information." *Id.* Failure to do so may result in sanctions, including dismissal, default judgment, and costs. *Id.*

**III.  Analysis**

Plaintiff has failed to keep his contact information current and has not filed a response in opposition to Defendant's Motion for More Definite Statement. Moreover, the Court agrees that Defendant could not possibly frame a meaningful responsive pleading to Plaintiff's Complaint. The Complaint contains no facts related to Defendant and is substantially devoid of any intelligible claims against Defendant. For these reasons, the Court will grant Defendant's Motion for More Definite Statement and will order Plaintiff to file a First Amended Complaint on or before November 15, 2012, clarifying his claims against Defendant Old Republic.

**IT IS THEREFORE ORDERED** that Defendant's Motion for More Definite Statement is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must file a First Amended Complaint no later than November 15, 2012, clarifying his claims against Defendant Old Republic. Failure to comply with this order may result in sanctions, including dismissal of Plaintiff's claims against Defendant Old Republic.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 16, 2012  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Theodis Williams and Counsel of Record on this date.

Dated: October 16, 2012  s/ Lisa C. Bartlett
Case Manager