UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODIS WILLIAMS,

    Plaintiff,

v.                                                                          Case No. 12-CV-12557-DT

                                                      HONORABLE DENISE PAGE HOOD

MORTGAGE INVESTORS CORPORATION,
AMERIGROUP MORTGAGE CORPORATION,
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and ACCURATE
ABSTRACT,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS DEFENDANT MORTGAGE INVESTORS**
**and**
**ORDER SETTING ASIDE ORDER TO SHOW CAUSE**

**I.    BACKGROUND**

This matter was removed from the Wayne County Circuit Court, State of Michigan on June 12, 2012. Plaintiff Theodis Williams ("Williams"), proceeding *pro se,* filed a document against several Defendants, including: Mortgage Investors Corporation ("Mortgage Investors"), Amerigroup Mortgage Corporation ("Amerigroup"), Old Republic National Title Insurance Company ("Old Republic"), and Accurate Abstract ("Accurate"). The 14-page document filed is entitled "Notice of Peonage and Involuntary Servitude of Thoedis:Williams; a man." (Pg ID 8) Several exhibits are attached to the document.

This matter is before the Court on Mortgage Investors' Motion to Dismiss under Rule 12(b)(6) of the Rules of Civil Procedure. To date, no response has been filed to the motion by Williams.

## II. ANALYSIS

### A. Standard of Review

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.* Rule 8(a)(2) provides a pleading states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

      **B.**     **Document and Exhibits**

Mortgage Investors asserts that Williams has filed a nonsensical and unintelligible Complaint without stating the elements of alleged claims or facts in support. Mortgage Investors indicates that the Complaint seems to relate to the mortgage and foreclosure of Williams' former property and appears to allege that Williams has somehow been subjected to involuntary servitude and peonage under the Thirteenth Amendment. (Motion, p. 4) Mortgage Investors claims that the Complaint is incoherent and Mortgage Investors is unable to determine the allegations asserted by Williams. Mortgage Investors states that Williams previously filed a nonsensical complaint against it which was dismissed by the district court. *See, Williams v. United States Department of Veterans Affairs, et al.,* Case No. 11-11938 (E.D. Mich.)(Duggan). Mortgage Investors claims that the Complaint in this case is identical to Williams' prior Complaint filed in the earlier case and should also be

dismissed.

A review of the case filed by Williams, Case No. 11-11938, reveals that the Complaints are not identical, but do contain many of the same documents and citations. Liberally construing Williams' documents filed before this Court, the Court finds the documents lack factual allegations to support a plausible claim. The document is rambling and nonsensical. As a sample, Williams asserts "an express commercial interest in THEODIS WILLIAMS, with all indigenous rights reserved and said THEODIS WILLIAMS© having patent rights to certain inventions or creations, and said WILLIAMS© having entered into private contract with Thoedis:Williams in regards to those patents." (Pg ID 9) Williams claims to have been injured "by the baseless claims of a mortgage closing dated 4/30/2995 that yielded until it was dispersed to partners on May 26, 2005 in at least two matters **which are impeding the commerce of Thodis:Williams, a man."** *(Id.)*

Attached to this document are various papers evidencing a mortgage transaction. Even if the Court were to construe the documents submitted by Williams as some sort of wrongful foreclosure action, the documents fail to state a plausible claim upon which relief may be granted. The documents submitted by Williams do not allow the Court to draw the reasonable inference that Mortgage Investors is liable since the documents do not assert any coherent facts that Mortgage Investors engaged in any misconduct.

**III.    ORDER TO SHOW CAUSE**

On November 6, 2012, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute as to Defendant Amerigroup Mortgage Corporation. The Order was returned "UNDELIVERABLE" with the notation "FORWARD TIME EXP RTN TO SEND." (Doc. No. 29). Williams has been served with the Notice that parties have the responsibility to

notify the Court of address changes on more than one occasion. (Doc. Nos. 15, 34) The documents submitted by Williams all reflect the address on record, 19394 Goulburn Street, Detroit, MI 48205. (Doc. Nos. 18, 35) Docket Entry No. 35 was filed on February 7, 2013. Even though it appears that the Order to Show Cause was sent to the correct address on the record, the Court sets aside its Order to Show Cause filed November 6, 2012.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Mortgage Investors' Motion to Dismiss **(Doc. No. 9)** is GRANTED.

IT IS FURTHER ORDERED that the Order to Show Cause issued on November 6, 2012 **(Doc. No. 28)** is SET ASIDE.

IT IS FURTHER ORDERED that Defendant Mortgage Investors Corporation only is DISMISSED from this action with prejudice. Defendants Old Republic National Title Insurance Company, Accurate Abstract and Amerigroup Mortgage Corporation[1] remain in this action.

S/Denise Page Hood
United States District Judge

Dated: March 1, 2013

I hereby certify that a copy of the foregoing document was served upon Theodis Williams, 19394 Goulburn Street, Detroit, MI 48205 and counsel of record on March 1, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

---

[1] No appearance has been filed on behalf of Amerigroup Mortgage Corporation.

5