# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Theodis Williams,

       **Plaintiff,**
                                             **Civil Action No.: 12-CV-12557**

       **vs.**
                                             **District Denise Page Hood**

                                              **Magistrate Judge Mona K. Majzoub**

Mortgage Investors Corporation,
Amerigroup Mort. Corporation,
Old Republic National Tital Insurance
Company, and Accurate Abstract

       **Defendants.**
_____/

## OPINION AND ORDER DENYING DEFENDANT ACCURATE ABSTRACT'S MOTION FOR MORE DEFINITE STATEMENT [30]

       This matter comes before the Court on Defendant Accurate Abstract's Motion for More Definite Statement. (Docket no. 30.) Plaintiff has not filed a response.[1] This Motion was referred to the undersigned for decision. (Docket no. 31.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      Procedural Background

       Plaintiff filed his Complaint entitled "Notice of Peonage and Involuntary Servitude of

---

[1] Plaintiff does appear to have filed an "Answer for More Definite Statement with Brief & Affidavit in Support and Notice of Change in Status with Request for Necessary Joinder of Associated Responsible Parties." (Docket no. 35.) This document appears to be some type of Amended Complaint, but it is unclear whether this document was filed in response to Plaintiff's Motion or this Court's October 16, 2012 Order (docket no. 26) granting Defendant Old Republic's Motion for More Definite Statement (docket no. 7).

Theodis: Williams; a man" on May 9, 2012, in the Wayne County Circuit Court.  (Docket no. 1-1 at 2.)  On June 12, 2012, Defendant Mortgage Investors Corporation (MIC) removed the case to this Court.  (Docket no. 1.)

On June 19, 2012, Defendant Old Republic filed a Motion for More Definite Statement. (Docket no. 7.)  On July 3, 2012, Defendant MIC filed its Motion to Dismiss.  (Docket no. 9.)  On October 16, 2012, the Court granted Old Republic's Motion for More Definite Statement and ordered Plaintiff to file his First Amended Complaint by November 15, 2012.  (Docket no. 26.)  On November 30, Defendant Accurate Abstract filed its instant Motion for More Definite Statement. (Docket no. 30.)  On February 7, 2013, Plaintiff filed his "Answer for More Definite Statement with Brief & Affidavit in Support and Notice of Change in Status with Request for Necessary Joinder of Associated Responsible Parties."  (Docket no. 35.)  And on March 1, 2013, the Court granted Defendant MIC's Motion to Dismiss.  (Docket no. 36.)  Defendant Old Republic then filed a Motion for Summary Judgment (docket no. 38), and Plaintiff filed a Motion to Set Aside Judgment or Orders Countering Defendant's Misconduct (docket no. 39), both of which remain pending before the Court.

## II.     Plaintiff's Allegations

When granting Old Republic's Motion for a More Definite Statement, the Court noted that "[w]hile it is difficult to decipher specifically the basis of Plaintiff's Complaint, it appears . . . that Plaintiff's allegations relate to the real property located at 6160 Bishop Street, Detroit, Michigan and the circumstances that lead to his mortgage loan default and foreclosure."  (Docket no. 26 at 1-2 (internal quotation omitted).)  To the extent that Plaintiff's "Answer for More Definite Statement" could be construed as an Amended Complaint, it too is devoid of any factual allegations.  (*See*

docket no. 35.)  At most, Plaintiff's Answer is a 41-page diatribe (plus 15 pages of exhibits) setting forth the status of the various Defendants, a recent history of the U.S. mortgage industry, and various allegations against banks and mortgage providers in general.  (*Id.*)  Moreover, in a particularly confusing twist, in Plaintiff's Motion to Set Aside Judgment or Orders Countering Defendant's Misconduct, Plaintiff states that this matter is apparently "regarding his incompetent and incapacitated capacity, his hardship and damages, and not to regard his real properly known as 6160 Bishop, in Detroit, Michigan 48224."  (Docket no. 39 at 1.)  Defendant brings its Motion because "[i]n short, Accurate Abstract has no idea what [Plaintiff is] talking about."  (Docket no. 30 at 4.)

## III.    Governing Law

The Federal Rules of Civil Procedure only require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, a party may file a motion for a more definite statement if the complaint is still "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

## IV.    Analysis

As the Court stated in its October 16, 2012 Order with regard to Defendant Old Republic, "Defendant could not possibly frame a meaningful responsive pleading to Plaintiff's Complaint [as] [t]he Complaint contains no facts related to Defendant and is substantially devoid of any intelligible claims against Defendant."  (Docket no. 26 at 3.)  The Court finds that Plaintiff's Complaint is similarly deficient with regard to Defendant Accurate Abstract.

Nevertheless, the Court previously ordered Plaintiff to file a First Amended Complaint, which Plaintiff was required to file by November 15, 2012.  Moreover, it appears that Plaintiff has

filed a document that he either intends to clarify his position or that he intends to serve as his Amended Complaint.[2]  Thus, because Plaintiff has already been ordered to file an Amended Complaint clarifying his allegations, and because Plaintiff has filed a document that apparently attempts to do so, Defendant Accurate Abstract's Motion is moot to the extent that it only seeks a clarification of Plaintiff's initial Complaint.[3]

IT IS THEREFORE ORDERED that Defendant's Motion for More Definite Statement is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  May 1, 2013              s/ Mona K. Majzoub_____
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Theodis Williams and Counsel of Record on this date.

Dated: May 1, 2013              s/ Lisa C. Bartlett_____
                                Case Manager

---

[2]Nothing in this Opinion and Order is intended to imply that the Court has accepted or that the Court has refused to accept Plaintiff's Answer for More Definite Statement (docket no. 35) as an Amended Complaint.

[3]The Court acknowledges that Plaintiff's February 7, 2013 filing may not provide the clarification that Defendant seeks, but Plaintiff's multiple filings have made it clear that a more coherent pleading is not forthcoming.

4