**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THEODIS WILLIAMS,

    Plaintiff,

v.

MORTGAGE INVESTORS CORPORATION,
AMERIGROUP MORTGAGE CORPORATION,
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and ACCURATE
ABSTRACT,

    Defendants.
_____/

Case No. 12-CV-12557-DT

HONORABLE DENISE PAGE HOOD

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT,**
**ORDER DENYING MOTION TO STRIKE,**
**ORDER DISMISSING DEFENDANT OLD REPUBLIC NATIONAL TITLE INS. CO.,**
**and DISMISSING AMERIGROUP MORTGAGE CORPORATION**
**AND**
**NOTICE OF SCHEDULING CONFERENCE AS TO PLAINTIFF**
**AND DEFENDANT ACCURATE ABSTRACT**

**I.**    **BACKGROUND**

This matter was removed from the Wayne County Circuit Court, State of Michigan on June 12, 2012. Plaintiff Theodis Williams ("Williams"), proceeding *pro se,* filed a document against several Defendants, including: Mortgage Investors Corporation ("Mortgage Investors"), Amerigroup Mortgage Corporation ("Amerigroup"), Old Republic National Title Insurance Company ("Old Republic"), and Accurate Abstract ("Accurate"). The 14-page document filed is entitled "Notice of Peonage and Involuntary Servitude of Thoedis:Williams; a man." (Pg ID 8) Several exhibits are attached to the document.

On March 1, 2013, the Court entered an Order Granting Mortgage Investors' Motion to

Dismiss. The remaining defendants are Old Republic, Accurate Abstract and Amerigroup Mortgage. Amerigroup Mortgage has not filed an appearance and appears not to have been served. This matter is before the Court on Defendant Old Republic's Motion for Summary Judgment. In lieu of a response to the summary judgment motion, Plaintiff filed a Motion to Set Aside Judgment and to Strike. Old Republic and Mortgage Investors filed a response to Plaintiff's motion. The parties appeared for the scheduled hearing at which time Plaintiff sought an additional time to retain counsel. The Court set a date adjourning the matter for June 12, 2013. No counsel filed an appearance on behalf of Plaintiff.

**II.   ANALYSIS**

    **A.   Old Republic's Summary Judgment Motion**

        **1.   Standard of Review**

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

## 2. Document and Exhibits

Old Republic asserts that Williams' Complaint and related documents are incredibly difficult to understand and nonsensical. Old Republic claims the Complaint fails to comply with the Federal Rules of Civil Procedure governing pleadings set forth in Rule 8. Old Republic states that it appears Williams' allegations are related to the real property located at 6160 Bishop Street, Detroit, Michigan. The property was foreclosed and a Sheriff's sale was held on October 29, 2009. The redemption period expired on April 29, 2010. (Motion, Doc. No. 38, Ex. 5) The property was deeded to the Department of Veterans Affair. (Motion Doc. No. 38, Ex. 6) Williams thereafter filed a suit before this district, Case No. 11-11938, *Williams v. U.S. Department of Veteran Affairs, et al.,* before the Honorable Patrick J. Duggan, which was dismissed by the court as nonsensical and frivolous. (Motion, Doc. No. 38, Ex. 2) Old Republic argues that the Complaint does not mention the name of Old Republic or any claims against it. The Complaint is entitled "Notice of Peonage

and Involuntary Servitude of Theodis:Williams; a man."

The document[1] submitted by Williams argues that the instant case is not the same as the case before Judge Duggan and objects to the prior cases being construed to be identical or similar to this case. Williams further argues that the motion filed by Old Republic is "void" because valid material information was not disclosed or that the material submitted is false.

Liberally construing Williams' claims and viewing all the documents submitted by the parties, the Court finds there remain no genuine issues of material fact. There are no valid claims asserted against Old Republic. The Court's review of the Complaint or "Notice of Peonage and Involuntary Servitude of Theodis:Williams; a man," fails to show any allegations against Old Republic. Also, the documentation submitted by both parties which may relate to Old Republic does not assert a claim against Old Republic. Old Republic's Motion for Summary Judgment is granted. Williams' Motion to Strike the Motion for Summary Judgment is denied since Old Republic filed a proper motion and supporting documentation to support its summary judgment motion.

**B.     Plaintiff Williams' Motion to Set Aside Judgment or Orders**

The Court construes liberally Williams' motion to set aside or reconsider the Court's Order dismissing Defendant Mortgage Investors. The Local Rules provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

---

[1] Williams' Motion to Set Aside Judgment or Orders and to Strike Motions to Dismiss (Doc. No. 39) is written by "Adilli V. Flintroy being Guardian with Theodis Williams in his own right." (Doc. No. 39, p. 1) Flintroy is not a party in this case. Flintroy, unless a properly licensed attorney in Michigan, cannot represent Williams in this action.

> (3) **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court entered an Order dismissing Mortgage Investors on March 1, 2013.  Williams filed the motion seeking reconsideration on March 19, 2013, one day beyond the 14-day requirement.  Even if the Court were to consider Williams' untimely motion, the Court finds that Williams has not demonstrated a palpable defect by which the Court and others entitled to be heard on the motion have been misled.  Williams also failed to show that correcting the defect will result in a different disposition of the case.  Williams' request to set aside the March 1, 2013 Order is denied.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Old Republic's Motion for Summary Judgment (No. 38) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike and Set Aside (No. 39) is DENIED.

IT IS FURTHER ORDERED that Old Republic National Title Insurance Company is DISMISSED from this action with prejudice.

IT IS FURTHER ORDERED that Defendant Amerigroup Mortgage Corporation is DISMISSED without prejudice for lack of service.

IT IS FURTHER ORDERED that a Scheduling Conference between Plaintiff and the remaining Defendant Accurate Abstract be held on **Monday, March 10, 2014, 2:30 p.m.**

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated: January 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2014, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager