UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODIS WILLIAMS,

    Plaintiff,

                                                    Case No. 12-CV-12557-DT

v.

                                                    HONORABLE DENISE PAGE HOOD

ACCURATE ABSTRACT,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

This matter was removed from the Wayne County Circuit Court, State of Michigan on June 12, 2012. Plaintiff Theodis Williams ("Williams"), proceeding *pro se,* filed a document against several Defendants, including: Mortgage Investors Corporation ("Mortgage Investors"), Amerigroup Mortgage Corporation ("Amerigroup"), Old Republic National Title Insurance Company ("Old Republic"), and Accurate Abstract ("Accurate"). The 14-page document filed is entitled "Notice of Peonage and Involuntary Servitude of Thoedis:Williams; a man." (Pg ID 8) Several exhibits are attached to the document.

On March 1, 2013, the Court entered an Order Granting Mortgage Investors'

Motion to Dismiss. (Order No. 36) On January 31, 2014, an Order Granting Motions for Summary Judgment was entered, dismissing Defendants Amerigroup and Old Republic. (Doc. No. 51) This matter is before the Court on the remaining Defendant Accurate Abstract's Motion for Summary Judgment. (Doc. No. 61) Plaintiff, proceeding *pro se,* filed a response/objection and an amended response/objection to the summary judgment motion. (Doc. Nos. 64, 66) At the scheduled hearing on January 28, 2015, Plaintiff informed the Court he had retained counsel who could not appear at the hearing. The Court allowed Plaintiff's new counsel to file an appearance and file a brief in response to Accurate Abstract's Motion for Summary Judgment. Plaintiff's counsel filed a supplemental brief (Doc. No. 69) and Accurate Abstract filed a reply thereto (Doc. No. 70). At the rescheduled April 17, 2015 hearing, Plaintiff's new counsel did not appear.

## II.  ANALYSIS

### A.  Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

    **B.    Insufficiency of Pleadings**

Accurate Abstract first argues that Plaintiff's Complaint violates Fed. R. Civ. P. 8(a) in that the allegations are anything but "short and plain statements" and the Complaint is difficult to comprehend. Accurate Abstract is not referenced in any of

the factual allegations. Accurate Abstract is essentially moving to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2), *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully. *Ibid.* Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibility" suggestive of a claim entitling a plaintiff to relief. *Id.* The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Williams' allegations in his Complaint are related to the real property located at 6160 Bishop Street, Detroit, Michigan. (Pg ID 15) Liberally construing Williams' *pro se* filed claims and documents submitted by Williams included with his Complaint, the Court finds there are no factual allegations asserting any claims against Accurate Abstract. The Court's review of the Complaint, entitled, "Notice of Peonage and Involuntary Servitude of Theodis:Williams; a man," fails to show any plausible allegations against Accurate Abstract. Accurate Abstract is only named in the caption. Williams' Complaint fails to state a claim against Accurate Abstract under Rule 12(b)(6) and fails to comport with the requirements of Rule 8(a). Williams'

Complaint against Accurate Abstract must be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

### C. No Duty

Accurate Abstract next argues that it owes no duty to Plaintiff under any theory of liability; not in tort, contract, or equity. Accurate Abstract asserts it had no dealings with Plaintiff at all. Accurate Abstract submitted the affidavit of its President, Karen M. Toland. (Motion, Ex. 4) Ms. Toland asserts that Accurate performs property reports/title searches as a vendor for various companies, including title insurers and mortgage companies. (Ex. 4, ¶ 8) Service Link contacted Accurate Abstract on March 8, 2005 to conduct a title search on the Bishop property for use by Service Link. (Ex. 4, ¶¶ 11-12) Accurate Abstract prepared the report, forwarded the report to Service Link. After issuance of the title commitment, Service Link then returned the original mortgage to Accurate for recording with the Wayne Count Register of Deeds. (Ex. 4, ¶¶ 13-15) Accurate Abstract filed the papers with the Wayne County Register of Deeds on May 26, 2005, and since then, has had no further involvement with Plaintiff's paperwork or property. (Ex. 4, ¶¶ 16-17) Ms. Toland asserts Accurate Abstract had no contractual relationship with Plaintiff and no employees of Accurate Abstract had any contact with Plaintiff or his wife. (Ex. 4, ¶¶ 18-19)

In his response, Williams agrees he has no contract with Accurate Abstract.

(Doc. No. 64, Pg ID 835) He asserts that "[i]t was the duty of the agent to get consent to utilize my business for their hire to the party. It's my party. I choose who I want to party with or not." (*Id.*) Williams also states that "[t]he fact that Accurate Abstract & Closings, Inc. name was stamped upon the Mortgage Agreement is no admission of Defendant's involvement." (*Id.*) Williams asserts that Accurate Abstract "served (acted as a transmitting utility to perform) my recording that deregulated security of title in conformity to that fiction aforementioned." (Doc. No. 64, Pg ID 838) Williams argues that Accurate Abstract and Ms. Toland failed "to fully disclose to me her use of my name, credibility, title, entitlements, and other intellectual properties that most title and closing entities are obligated to perform" and that Accurate Abstract and all defendants are responsible for "fraudulent concealment." (Doc. No. 64, Pg ID 834) Williams' response goes on to detail the history of the Moors in this country and the Moors' beliefs and the foreclosure process of his property.

The supplemental brief filed by Plaintiff's counsel argues that Accurate Abstract owes Plaintiff a duty as the title company and as closing agent. Plaintiff claims a Rachel Starks attended the closing.

Replying to the supplemental brief, Accurate Abstract asserts it did not prepare any of the documents associated with the closing, made no representations as to loan interest rates and did not attend the closing. Accurate Abstract submitted the affidavit

of Ms. Toland to support of its assertion that none of its employees attended the closing and that there is no individual named Rachel Starks who works for Accurate Abstract. Accurate Abstract asserts that Plaintiff has never identified Rachel Starks as a possible witness in this case.

In addition to Williams' failure to state any claim against Accurate Abstract in his Complaint, the Court finds Williams fails to create a genuine issue of material fact that Accurate Abstract had any duty to Williams based on a contract or otherwise. Williams agrees in his response that he had no contract with Accurate Abstract. It appears that Williams' argument in his response (not in his Complaint) is that Accurate Abstract failed to disclose its use of his name. This argument is without merit since, as acknowledged by Williams, Accurate Abstract only performed a service for another entity--to file the mortgage papers with the Wayne County Clerk. Williams also failed to create a genuine issue of material fact that Rachel Starks is employed at Accurate Abstract.

As to Williams' "fraudulent concealment" claim, Williams has failed to support this argument. Accurate Abstract did not conceal anything related to Williams' mortgage. Accurate Abstract filed the mortgage papers with the Wayne County Clerk, which documents are public documents and can be searched by any individual or entity. Based on the documents submitted by both parties, there remain no genuine

issues of material fact that Williams had no contact with Accurate Abstract and that Accurate Abstract owed no duty to Williams under any theory of liability.

### D. Statute of Limitations

Accurate Abstract alternatively asserts that Williams' claims are barred by the applicable statute of limitations. Williams responds that the fraud claim is subject to an eight year limitation, therefore his Complaint was timely. Williams' supplemental brief filed by his counsel asserts the time should be tolled since Williams is incompetent.

In Michigan, a breach of contract claim must be brought within six years of the alleged improper action. M.C.L. § 600.5807(8). The statute of limitations for a fraud claims is six years from when the misrepresentation is made. M.C.L. § 600.5813. Michigan's state tort-law claims are subject to a three-year limitations period. M.C.L. § 600.5805(10). If a person who may be liable for any claim fraudulently conceals the existence of the claim or identity of any person who is liable for the claim, the action may be commenced at any time within two years after the person discovered or should have discovered, the existence of the claim. M.C.L. § 600.5855. The fraud must be a concealment produced by affirmative acts or misrepresentations. *Techner v. Greenberg,* 553 F. App'x 495, 506 (Jan. 15, 2014).

As noted above, Williams has no breach of contract or any tort claim against

Accurate Abstract. Even if there was a claim alleged in the Complaint, the last act taken by Accurate Abstract was the filing of the mortgage papers with the Wayne County Clerk on May 26, 2005. The instant Complaint was filed with the Wayne County Circuit Court on May 9, 2012, beyond the six-year breach of contract claim or three-year tort claim statute of limitations. (Doc. No. 1) As to Williams' claim of concealment, Williams failed to allege or provide any evidence, of an affirmative fraud action by Accurate Abstract that it acted to conceal any cause of action Williams may have from Williams. As noted above, Accurate Abstract's filing of the mortgage papers with the Wayne County Clerk was a public action, not an action which concealed anything from Williams. Williams is not entitled to the two-year tolling of any of the statute of limitations. As to Williams' more recent claim that he is incompetent and the limitations period should be tolled, nothing was submitted to support this claim or to show Williams was physically or mentally unable to prosecute this action prior to the expiration of the statute of limitations. Williams' breach of contract action or fraud or any tort-like claim is time-barred.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Accurate Abstract's Motion for Summary Judgment **(No. 61)** is GRANTED. Defendant Accurate Abstract is DISMISSED with

prejudice.

    IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                          S/Denise Page Hood  
                          Denise Page Hood  
                          United States District Judge

Dated: July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2015, by electronic and/or ordinary mail.

                          S/LaShawn R. Saulsberry  
                          Case Manager